THE ATTORNEY GENERAL
OF TEXAS


WILL WILSON
ATTORNEY GENERAL

August 19, 1957

Hon. Zollie Steakley
Secretary of State
Capitol Station
Austin, Texas

Opinion No. WW-234

Re: Whether a corporation organized
pursuant to Chapter 7 of the
Insurance Code continues in legal
existence after the effective
date of S.B. 165- and related
questions.

Dear Mr. Steakley:

You have requested the opinion of this office on the
construction of Sections 2 and 7 of Senate Bill 165, codified
as Chapter 388, Vernon's Texas Session Law Service, 55th Leg.,
1957, p. 1162. You have submitted five questions which relate
to your duties as Secretary of State in the filing of amendments
to their charters by existing corporations thereunder.

Question No. 1: Does a corporation organized pur-
suant to Chapter 7 of the Insurance Code continue
in legal existence after the effective date of
Senate Bill 165?

Question No. 2: If your answer is affirmative to
the foregoing, is such a corporation required to
amend its charter immediately upon the effective
date of Senate Bill 165, or do such corporations
have the right to avail themselves of the provi-
sions of the Act at any time after its effective
date?

Section 1 of the Act provides:

"Chapter 7 of the Insurance Code, as enacted
by Chapter 491 of the Acts of the 52nd Legislature,
1951, is hereby repealed."

Section 2 of the Act provides:

"Trust companies may be created, and any cor-
poration, however created, may amend its charter
in compliance herewith, or a foreign corporation
may obtain a certificate of authority to do busi-
ness in Texas for the following purpose:

"'To act as trustee, executor, administrator, or guardian when designated by any person, corporation, or court to do so, and as agent for the performance of any lawful act, including the right to receive deposits made by agencies of the United States of America for the authorized account of any individual; to act as attorney-in-fact for reciprocal or interinsurance exchange.'"

Senate Bill 165 will become effective on August 22, 1957, at which time all corporations heretofore created under the provisions of Article 7.01 of the Insurance Code or whose charters contain any of the purpose clauses therein named, will cease to be corporations de jure and may no longer exercise the general powers conferred by their charters. Hunt v. Atkinson, 12 S.W.2d 142, 145 (Comm.App. 1929); 18 C.J.S. Par. 106, p. 502.. Senate Bill 165 contains no savings clause or "grandfather clause" preserving the corporate existence of corporations created thereunder.

However, since the Act which repeals the purpose clause authorized by Article 7.01 also provides that any corporation, however created, may amend its charter so as to become a trust company for the purposes set forth in Section 2 of the Act, it was manifestly the legislative intent to permit corporations organized under the provisions of Article 7.01 of the Insurance Code to amend their charters in accordance with the provisions of Section 2 of the Act so as to continue their corporate existence.

Since the Legislature did not provide for a definite period of time during which corporations created under the provisions of Article 7.01 could continue their corporate existence to permit their charters to be amended under the provisions of Section 2 of the Act, and since upon the effective date of the Act such corporations will cease to be corporations de jure, any corporation desiring to amend its charter pursuant to the provisions of Section 2 of the Act must submit its charter amendment so that the Secretary of State may file it contemporaneously with the cessation of the corporate existence.

Question No. 3:  Is a corporation seeking to amend its charter in compliance with Senate Bill 165 required to first adopt the provisions of the Texas Business Corporation Act?

Question No. 4:  If your answer to the foregoing is negative, will charter amendments filed pursuant to Section 2 of Senate Bill 165 be governed by the

general corporation laws or by the Texas Business Corporation Act?

Section 7 of the Act provides in part as follows:

"The general laws for incorporation and governing of corporations, and the provisions of Article 1513, Revised Civil Statutes of Texas, and the provisions of the Texas Business Corporation Act shall supplement the provisions of this Act and shall apply to such trust companies to the extent that they are not inconsistent herewith; provided, the provisions of Article 2.01A permitting a corporation to have more than one purpose shall not apply. . . ."

Article 9.15A of the Business Corporation Act provides that, with certain exceptions not here pertinent, existing corporations shall continue to be governed by the laws heretofore applicable thereto.

Article 9.14B of the Business Corporation Act provides that for a period of five years after the effective date of the Act, it shall not be applicable to any domestic corporation duly chartered and existing on said effective date unless such corporation shall, during the five-year period, voluntarily elect to adopt the provisions of the Business Corporation Act in the manner provided by Article 9.14C. It would therefore appear that any existing corporation which has not adopted the provisions of the Business Corporation Act could amend its charter as provided in Article 1314, Revised Civil Statutes of Texas, as amended, without the necessity of adopting the provisions of the Business Corporation Act.

However, any corporation which was originally incorporated under the provisions of Chapter 7 of the Insurance Code could not amend under the provisions of Article 1314 for the reason that the latter article provides that any private corporation organized for any purpose mentioned in Title 32 may only amend or change to another purpose mentioned in Title 32. The purpose for which a private corporation was created under Article 7.01 of the Insurance Code is not contained in Title 32, nor is the purpose authorized under the provisions of Section 2 of Senate Bill 165 contained in Title 32. Hence, corporations created under the provisions of Chapter 7 of the Insurance Code may only amend their charters by first adopting the provisions of the Business Corporation Act and amending their charters in the manner provided in Articles 4.01 to 4.05, inclusive, subject to the limitation on Article 2.01A provided in

Section 7 of the Act, which limits the corporation to one purpose.

Corporations which were created under the provisions of Title 32, Revised Civil Statutes of Texas, and for the purposes named therein, must adopt the provisions of the Business Corporation Act since, although such corporations were organized for purposes mentioned in Title 32, nevertheless amendments so as to change the purpose of such corporations under the provisions of Article 1314 are confined to purposes mentioned in Title 32. In enacting Senate Bill 165 the Legislature did not provide for its inclusion as a part of Title 32, Revised Civil Statutes of Texas, or as an amendment to any article contained therein. Therefore, the purpose mentioned in Section 2 of the Act is not a purpose mentioned in Title 32.

It will be necessary for any corporation, however created, desiring to amend its charter under the provisions of Section 2 of the Act, to first adopt the provisions of the Texas Business Corporation Act and thereafter amend its charter in the manner therein provided.

> Question No. 5: If you hold that the filing of charter amendments pursuant to Section 2 of Senate Bill 165 is governed by the Texas Business Corporation Act, is this office authorized to file and approve Restated Articles of Incorporation in the form prescribed by Article 4.07, or must the instruments filed pursuant to Section 2 of Senate Bill 165 be in the form of an amendment to the charter and governed by Articles 4.01-4.05, inclusive?

Article 4.07A(2) of the Business Corporation Act provides that a corporation may, by following the procedure to amend the articles of incorporation provided by Articles 4.01 to 4.05, inclusive, authorize, execute, and file restated articles of incorporation which may restate the entire text of the articles of incorporation as amended or supplemented by all certificates of amendment previously issued by the Secretary of State, and as further amended by such restated articles of incorporation. Inasmuch as it is a condition precedent for any corporation, however created, to adopt the Business Corporation Act in order to amend its charter under the provisions of Section 2 of the Act, the provisions of Article 4.07A(2) provide an optional method of amending the charter of the corporation. It is the opinion of this office that the Secretary of State is authorized to file and approve restated articles of incorporation as authorized by the provisions of Article 407A(2) of the Business Corporation Act as an alternative to filing the charter

amendment as provided in Articles 4.01 to 4.05 of the Business Corporation Act.

## SUMMARY

A corporation created under the provisions of Article 7.01 of the Insurance Code ceases to be a corporation de jure on August 22, 1957, the effective date of Senate Bill 165. If such corporation desires to amend its charter under the provisions of Section 2, Senate Bill 165, it must submit its proposed charter amendment to the Secretary of State for filing contemporaneously with the effective date of the repeal of Chapter 7 of the Insurance Code.

All corporations, however created, desiring to amend their charters under the provisions of Section 2, Senate Bill 165, must first adopt the provisions of the Business Corporation Act and thereafter file such charter amendment under the provisions of the Business Corporation Act.

Yours very truly,

WILL WILSON
Attorney General of Texas

By C. K. Richards
Assistant

CKR:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
W. V. Geppert
John Reeves
James N. Ludlum

REVIEWED FOR THE ATTORNEY GENERAL

BY:      Geo. P. Blackburn